## Holmes, Appellant, *v.* Wakelin.

*Account render—Actions—Agency—Insurance companies.*

1. In order to hold a person liable in an action of account render it must appear that such person has received property of some kind or money, not belonging to himself which he is in duty bound to pay over or account for to the plaintiff. It must be shown that the plaintiff is the owner of the property with respect to which an account is sought, inasmuch as ownership in the plaintiff and possession by the defendant are indispensable to support the action.

2. To support an action of account rendered for money received by defendant, it must appear that the money came into possession of the defendant and under his control, and that the defendant did not have the custody of it merely as the agent of the owner.

3. An action of account rendered cannot be maintained by an agent of an insurance company against his employer to recover commissions on premiums paid on policies written by the agent, where the presumption from the evidence is that the money paid to the insurance company on account of policies was the property of the company, and not of the agent. The mere fact that the agent's compensation was fixed on a percentage basis does not invest the agent with title to the money due the company as premiums on the policies.

Argued Oct. 13, 1911. Appeal, No. 183, Oct. T., 1911, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1909, No. 4,428, refusing to take off nonsuit in case of Robert Holmes v. Amos Wakelin et al., trading as Marston & Wakelin. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Account render to recover percentages alleged to be due on premiums on policies of insurance. Before Magill, J.

The facts appear by the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Robert P. Shick,* for appellant.—The Act of May 25, 1887, P. L. 271, consolidating actions at law, has not abolished the action of account render: Sieger v. Sieger, 209 Pa. 65.

The action of account render is founded on contract and an engagement to render an account of fiduciary matters. It lies against bailiffs, receivers, agents, and partners in partnership matters or any other mercantile transactions. It proceeds upon the ground that the defendant rightfully had money from some parties, and has refused or neglected to account for it to the plaintiff, after being called upon so to do: St. Colombe v. United States, 32 U. S. 625; Gratz v. Phillips, 5 Binney, 564; Griffith v. Willing, 3 Binney, 317.

This action has been allowed in a claim against a general agency for the management and custody of stock: Persch v. Quiggle, 57 Pa. 247.

It likewise has been allowed in a claim by a principal against his agent: McLean v. Wade, 53 Pa. 146; Gallagher v. Gallagher, 6 Phila. 528.

And it has been allowed against an attorney in favor of his client: Bredin v. Kingland, 4 Watts, 420.

In Pennsylvania the action of account render was made to subserve all the purposes of a bill in equity as there was no adequate remedy in chancery: James v. Brown, 1 Dall. 339.

*Owen J. Roberts,* with him *Francis S. McIlhenny,* for appellees.—The action of account render is inapplicable to a case for the recovery of compensation, wages or salary: Taff Vale Ry. Co. v. Nixon, 1 H. L. Cas. 111; Foley v. Hill, 2 H. L. Cas. 28.

OPINION BY HENDERSON, J., March 1, 1912:

The plaintiff brought an action of account render alleging in his declaration that the defendants had received certain money from various individuals paid on policies of life insurance issued by the defendants as general agents of the New England Mutual Life Insurance Company in which the plaintiff had a right by way of commission as compensation for procuring or causing to be procured the said applications for policies and also a right to commission by way of compensation on the payments of renewal premiums on said policies of insurance. The claim arises out of a contract entered into by the plaintiff with the defendants whereby the former became a district agent of the insurance company by appointment of the defendants who were agents for the state of Pennsylvania. This contract provided that the plaintiff should act as agent for the insurance company in the territory assigned to him and that he should receive as compensation for his services commissions on the premiums paid for policies written by him and on the sums paid by policy holders within his territory for renewals in accordance with a schedule of commissions attached to the agreement and set forth in the statement of claim. The agreement to which the schedules were attached was entered into between the defendants and Robert Holmes, the father of the appellant, and it was shown by the plaintiff that within a few days after the death of the father one of the defendants met the plaintiff at Reading and agreed, verbally, to transfer the contract of his father to him (the plaintiff); whereupon, the plaintiff proceeded to act as an agent for the insurance company in the same capacity in which his father had acted. At the close of the plaintiff's evidence the defendant's counsel moved for a nonsuit for the reason that an action of account render could not be maintained on the facts presented, and the court taking that view of the case granted a nonsuit. The refusal to take this off is the error complained of. At common law account render was the appropriate action

against a guardian or bailiff or receiver to compel an account of profits or money received by the defendant and in Pennsylvania this includes actions between partners when the proceeds of the partnership business have been received by one of the partners and he refuses to account. The scope of the action was enlarged by statute in England and this state but not in any respect affecting the case presented by the plaintiff. The obligation to account arises out of the relation and situation of the parties. If the facts out of which the law creates an obligation exist the liability to account arises whether there has been an express contract or not. To create such liability it must appear that the person to be charged has received property of some kind not belonging to himself which he is in duty bound to pay over or account for to the plaintiff. It is not pretended that the appellees were guardians, bailiffs, or partners, and the declaration therefore charges that they were receivers and as such liable for the money alleged to be in their hands belonging to the plaintiff. A receiver is a person who takes money into his possession belonging to another for the purpose of keeping it safely and paying it to its owner. Where the property received is something else than money the receiver is a bailiff. It must be shown that the plaintiff is the owner of the property with respect to which an account is sought, ownership in the plaintiff and possession by the defendant being indispensable to support the action. It is important also to notice that before one can be charged as receiver the money must have come into his possession and under his control. It is not sufficient that he have the custody of it as the agent of the owner. If his possession is merely the possession of his principal he is not subject to the action. The plaintiff's right to recover depends therefore on his ability to show that the money which was paid as premiums on the policies of insurance issued or in renewal of policies belonged in part to him; that it was received by the defendants and wrongfully retained by them. But this is the respect in which the case has not

been made out. The evidence does not show what the contract is under which the defendants are working for the insurance company, but the presumption is that the money paid on account of policies and renewals was the property of the company and not of the agents. The agreement between the defendants and the plaintiff was for the payment of compensation to the latter for his services in the business which he undertook to perform. This was fixed for convenience on a percentage basis but that arrangement did not invest the plaintiff with title to the money due the company as premiums on the policies. The contract between the defendants and Robert Holmes, Sr., according to which contract the plaintiff claims, bound the defendant to pay commissions and allowances in accordance with the schedule, but that is a very different thing from granting to the subagent a property right in the premiums due the insurance company. The relation created by the contract was that of debtor and creditor and the plaintiff's rights are enforceable in an action of assumpsit. That the defendants may possess evidence of policies issued or renewed of which the plaintiff has not knowledge is not a reason for sustaining the appellant's contention. The law provides an adequate means of compelling the production of any evidence necessary to support the case. We are unable to find a sufficient reason for sustaining the appeal.

The judgment is therefore affirmed.