## Leaderman v. Royal Store Fixture Co.

*Wexler & Weisman,* for plaintiff.
*Nathan L. Posner,* for defendant.

LEVINTHAL, J., April 6, 1943.—Plaintiff instituted suit in assumpsit for an accounting, alleging that he had been employed as an agent by defendant corpora-

tion to sell the latter's equipment on a commission basis; that he was the efficient procuring cause of numerous contracts of sale accepted by defendant, in consequence of which there was money owing to him by the latter; that the records of the transactions between defendant and plaintiff's customers were exclusively within the control of defendant; and that therefore plaintiff did not know and was unable to state the exact amount due him from defendant.

Defendant in its affidavit of defense denies that plaintiff does not know the state of the accounts between them and alleges that "the plaintiff and the defendant and their respective attorneys have gone over in detail each and every account handled by the plaintiff, which finally showed a balance due the defendant by the plaintiff in the amount of $301.18". In addition, it alleges in another paragraph of the affidavit that plaintiff had submitted to defendant "an itemized statement of the account of sales allegedly made by him to counsel for the defendant, alleging at that time it was a true and correct copy of the accounts between the plaintiff and the defendant". The substance of the defense is that plaintiff is not entitled to an accounting because plaintiff has all the information he requests, and is unable to bring suit for a specific sum because no moneys are owing to him.

Plaintiff bases his claim for relief on section 11 of the Practice Act of May 14, 1915, P. L. 483, which reads as follows:

"If the plaintiff avers that the defendant has received moneys as agent, trustee, or in any other capacity for which he is bound to account to the plaintiff, or if the plaintiff is unable to state the exact amount due him by the defendant, by reason of the defendant's failure to account to him, the plaintiff may ask for an account."

Under the act, plaintiff is entitled to an account in either of two alternative situations: (1) Where de-

fendant has received money in a capacity in which he is bound to account; or (2) where plaintiff is unable to state the exact sum due him because of defendant's failure to account.

In our opinion there has been a sufficient denial of plaintiff's averment that he is unable to state the exact amount due him, and hence plaintiff is not entitled to judgment on the pleadings on the second alternative in section 11 of the Practice Act. Nor does plaintiff bring himself within the first alternative. Defendant has not received moneys as either agent or trustee, or in any other capacity in which he would be bound to account. Plaintiff was employed as an agent on a commission basis, and no action of account render would lie at common law. The law on this point is stated very fully in Holmes v. Wakelin, 48 Pa. Superior Ct. 643 (1912), wherein an agent brought an action of account render for commissions on the sale of life insurance policies. The Superior Court held that the action would not lie, and said (p. 646):

"The obligation to account arises out of the relation and situation of the parties. . . . To create such liability it must appear that the person to be charged has received property of some kind not belonging to himself which he is in duty bound to pay over or account for to the plaintiff. . . . It must be shown that the plaintiff is the owner of the property with respect to which an account is sought, ownership in the plaintiff and possession by the defendant being indispensable to support the action."

The relationship between the parties in this case parallels that in Holmes v. Wakelin, supra. Hence plaintiff is not entitled to an account by reason of any relationship giving rise to the duty to account, and his allegation of lack of information has been sufficiently denied. It follows that the rule for judgment for an accounting for failure to file a sufficient affidavit of defense must be discharged.