## Maher et al. v. Richlin Stores, Inc., et al

*Linn V. Phillips, Jr.*, and *Samuel J. Feigus*, for plaintiffs.

*Stauft & Margolis*, for defendants.

CARR, P. J., January 14, 1953.—This is an action of assumpsit for an accounting, the right to which we are asked to determine preliminarily on the pleadings.

On December 5, 1945, plaintiffs leased to defendants a first-floor storeroom on Main Street in the City of Uniontown for a term of 10 years beginning on April 1, 1946, at a minimum rent of $6,600 a year in monthly installments of $550, in addition to which defendants were to pay at the end of each year a sum equal to six percent of the amount by which the gross sales should exceed $110,000, the volume of sales to be reported to plaintiffs quarterly. On or about

August 1, 1951, the premises were sold and the lease assigned to the purchaser.

It appears that during the period of plaintiffs' ownership the minimum rent was duly paid monthly and that quarterly reports of sales were regularly furnished. Plaintiffs allege, however, that the quarterly reports did not correctly show the total volume of sales, which in each year greatly exceeded $110,000, whereas in only two were they reported to exceed that amount, and then by much less than the actual excess; and, as the answer fails to exhibit the account sued for and raises no issue of fact with respect to their right to the account, they have moved for an order requiring it to be filed.

The grounds on which defendants endeavor to justify the omission of the account are that the relationship between them and plaintiffs, being merely that of debtor and creditor, is not one that legally obliges them to account; and that, in any event, they have already rendered a sufficient account in the quarterly statements previously furnished in accordance with the lease.

It is true that in Holmes v. Wakelin, 48 Pa. Superior Ct. 643 (1912), it was held that an action at law for an accounting could not be maintained to recover money not belonging to plaintiff but merely owed to him by virtue of a contractual obligation. But that decision antedates by several years the Practice Act of May 14, 1915, P. L. 483, sec. 11, 12 PS §393, by which an accounting was provided for whenever it was alleged that defendant had received money as agent, trustee, or in any other capacity for which he was bound to account to plaintiff, thus permitting an account to be demanded regardless of the capacity in which the money was received. The procedure established by that act is continued without change by Pa. R. C. P. 1021, under which the present action is

brought: Goodrich-Amram, sec. 1021-22. And, of course, the obligation to account may be created contractually, as well as by the character of the relationship: Miller v. Belmont Packing & Rubber Co., 268 Pa. 51.

It seems equally clear that such an action cannot be barred by any mere ex parte statement or series of statements; the plea that a full account has already been rendered can be sustained only by showing that the amount due has been ascertained and agreed upon by all the parties interested—in other words, that there has been an account stated. This was the rule in the common-law action of account render, for which section 11 of the Practice Act of 1915 was intended to provide a simple and effective substitute. See Baxter v. Hozier, 5 Bing. (N. C.) 288, 132 Eng. Rep. 1115; Nelson et al. v. Chicago Mill & Lumber Corp., 76 F. 2d 17. Nor are we now concerned with the question of the correctness of the quarterly reports previously furnished. As was said by the Chief Justice in Baxter v. Hozier:

"And we think the accounting which is necessary (is one) to the satisfaction of the plaintiff, or an account which shows an agreed balance between the plaintiff and the defendant; for nothing short of this would be sufficient to alter the nature of the demand, and to give the plaintiff an action of debt for the arrears or balance. And, again, in the case . . . where the plea was that the defendant, 'after the receipt of the monies, and before the writ purchased, himself accounted together with the plaintiff, of the same monies'; and it was objected that the plea was bad, because a man cannot be judge in his own cause; the answer was, 'that by mutual consent he may'. And, indeed, it is obvious, that if the mere fact of rendering a true account to the plaintiff, though not agreed to by him, were sufficient to bar the action, a defendant, by

pleading plene computavit, might always defeat the object of the action of account, which is to obtain an investigation before auditors, and might insist that the truth of the whole account rendered was a question to be decided before the jury at nisi prius."

For the procedure upon completion of the pleadings, see Camden Fibre Mills, Inc., v. Lush Cotton Products Co., 75 D. & C. 468.

We conclude, therefore, that defendant should file, under oath, an account of all sales made upon the leased premises during the years in question.

### Order

And now, January 14, 1953, upon consideration of the foregoing case, the motion for judgment quod computet on the pleadings is sustained, and defendants are ordered and directed to file within 30 days a full and verified account of all sales of merchandise upon the leased premises during each 12-month period from April 1, 1946, to and including March 31, 1951.